UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KENTS HILL SCHOOL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:16-cv-00388-JAW |
| | ) |
| PRO AMBITIONS HOCKEY, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING JOINT MOTION TO DISMISS**

On June 30, 2016, Kents Hill School (Kents Hill) filed a complaint in state of Maine Superior Court for Kennebec County against Pro Ambitions Hockey, Inc. (Pro Ambitions), alleging under different legal theories that Pro Ambitions breached a contract with Kents Hill.  *State Ct. Record*, Attach. 2, *Compl.* (ECF No. 6).  On July 27, 2016, Pro Ambitions removed the case to this Court.  *Notice of Removal* (ECF No. 1).  On August 8, 2016, Pro Ambitions answered Kents Hill's Complaint and filed counterclaims against Kents Hill, *Answer and Countercls.* (ECF No. 7), and on August 24, 2016, Kents Hill amended its answer and counterclaims.  *Am. Answer and Countercls.* (ECF No. 11).  On August 26, 2016, Kents Hill filed a reply to the amended counterclaim.  *Pl.'s Answer to Am. Countercls.* (ECF No. 14).

On December 2, 2016, the parties filed a joint motion to dismiss.  *Jt. Mot. to Dismiss* (ECF No. 25).  In the motion, the parties represented that they have entered into an agreement to settle the dispute, including Kents Hill's claims and Pro Ambitions' counterclaims.  *Id.* at 1.  The agreement provides that Pro Ambitions will

make certain payments to Kents Hill over time, and if Pro Ambitions fails to make those installment payments, the Court may enter a stipulated judgment against Pro Ambitions.  *Id.*  In order to effectuate the settlement agreement, the parties agreed that the Court enter an order dismissing Kents Hill's claims and Pro Ambitions' counterclaims with prejudice and without costs on the condition that, notwithstanding the dismissal, Kents Hill shall have the right to move to reopen this matter solely for the purpose of the entry of a stipulated judgment against Pro Ambitions in the event that Pro Ambitions breaches its payment obligations under the agreement.  *Id.* at 2.

Absent an express retention of jurisdiction in the dismissal order, this Court does not have the jurisdiction to enforce the terms of a settlement agreement once a case is dismissed.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994); *Román-Oliveras v. P.R. Elec. Power Auth. (PREPA)*, 797 F.3d 83, 86 (1st Cir. 2015); *Perez v. Portland Me. Area Local No. 458 Am. Postal Workers Union*, No. 2:14-cv-00320-JDL, 2015 U.S. Dist. LEXIS 110640, at *2 (D. Me. Aug. 20, 2015).  The Court views the parties' joint motion not only as a motion to dismiss, but also as a motion to incorporate the terms of the settlement agreement into the dismissal order.

Accordingly, the Court GRANTS the Joint Motion to Dismiss (ECF No. 25) and DISMISSES Plaintiff Kents Hill School's Complaint and Pro Ambitions Hockey, Inc.'s Counterclaims WITH PREJUDICE and without costs to either party.  In addition, the Court retains jurisdiction over this action to enforce the terms of the settlement agreement for the sole purpose of resolving any disputes between the parties,

including the possibility of the entry of a final stipulated judgment as currently agreed to by the parties.

    SO ORDERED.

                                          /s/ John A. Woodcock, Jr.
                                          JOHN A. WOODCOCK, JR.
                                          UNITED STATES DISTRICT JUDGE

Dated this 5th day of December, 2016